The Agricultural Bank *versus* Joel Wilson & al.

The transfer of stock of a bank on its books, although no certificate of ownership is given, is sufficient to pass the property in the shares; and constitutes a valid consideration for a note given to the bank therefor.

This action was submitted to the decision of the Court upon the facts stated in the deposition of Cornelius Bedlow, jr. the former cashier of the bank.

The facts appear in the opinion.

The counsel submitted the case, upon the arguments in the action, in favor of the same plaintiffs against Burr & al. *ante,* p. 256.

*Kent* and *Robinson,* for the plaintiffs.

*Hobbs,* for the defendants.

The opinion of the majority of the Court, Whitman C. J. concurring in the result, but giving a separate opinion, was drawn up by

Shepley J. — This suit is upon a promissory note for the sum of two thousand one hundred and twenty-four dollars and fifty cents, made by the defendants on the first day of October, 1838, and payable to the bank in six months from the date. The case is submitted, as an agreed statement, upon the deposition of the former cashier of the bank. He states, in substance, that, "two thousand dollars worth" of the stock of the bank, which before that time appeared to have been the property of other persons, was at the request of the directors of the bank transferred to one of these defendants, and that it continued to stand in his name upon the books of the bank, until the receivers took possession of its assets; that no certificates were received by him; that this note was at the request of the directors given for that stock; that they promised that the defendants should not be called upon to pay it; that no formal vote was passed on the subject; that no written agreement was made, "but that it was agreed or understood, that the debtors should be indemnified in the same manner as expressed in the written agreement executed by said directors,

with Messrs. Burr and Holbrook; and that reference was specially made in the arrangement to said agreement with Burr and Holbrook, which was then in the bank." He also states, that the former owners of the stock had never paid for it except by their notes, which were in the bank, when it commenced business, and were delivered up to them on an agreement made by the directors with them, that they should convey their stock to the bank and receive their notes. By the application of the principles of law stated in the case of this bank against Burr and Holbrook, decided at this term, to the facts in this case, the plaintiffs will be entitled to recover.

*Defendants to be defaulted.*